**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NARAYANA M. PAI, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-05-1093-HE |
| | ) | |
| R. JAMES NICHOLSON, Secretary, | ) | |
| U.S. Department of Veteran Affairs, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendants D. Robert McCaffree and Nicole Craven, both sued in their individual capacities, move for dismissal of plaintiff's case against them due to lack of personal jurisdiction based on insufficient service of process and failure to state a claim. [Doc. #15]. In particular, defendants claim that the plaintiff has failed to effect personal service on them in accordance with Fed. R. Civ. P. 4. In addition to the personal service issue, defendants allege they should be dismissed from this action because they are immune from suit and/or no cognizable claim can be asserted against them in their individual capacities as plaintiff has adequate remedies available to him under Title VII of the Civil Rights Act of 1964 ("Title VII"). In response to the motion to dismiss, plaintiff concedes that service has not been properly made on the individual defendants and requests additional time to effect service. Plaintiff also admits, however, that the service issue is moot if the court determines his constitutional claims do not lie against the individual defendants.

The court concludes defendants' motion to dismiss should be granted. The defects in service are such as would require quashing the purported service of process, if that was the only issue. Here, however, even if the deficiencies in service were corrected, dismissal would be required as the claims against defendants McCaffree and Craven in their individual capacities are not cognizable.

According to his complaint, plaintiff is a board certified psychiatrist. He began working as a temporary staff physician at the Veterans Administration Medical Center in Oklahoma City on June 16, 1993. On May 20, 1999, he was converted to a permanent physician. In June of 2003, plaintiff testified in an "EEO" case filed by another doctor. Pl's Compl., p. 4. On November 16, 2003, plaintiff was converted, at his request, to a "part-time permanent physician." Id. Thereafter, plaintiff alleges he was harassed in the workplace by his supervisors, assigned a disproportionately higher workload than other part-time physicians and denied the opportunity to serve as acting Chief of Service.

On March 8, 2004, plaintiff was terminated from his position. While not entirely clear from the complaint, it appears plaintiff was terminated because he allegedly took unscheduled sick leave. According to a memorandum from defendant McCaffree documenting plaintiff's termination, plaintiff's unscheduled absences allegedly resulted in a "deliberate deprivation of care for [his] patients" and demonstrated a "callous attitude toward patient care" in violation of internal policies on "Abuse of Patients" and a federal regulation prohibiting employees from engaging in conduct which is "prejudicial to the government." Pl's Compl, p. 5.

In his complaint, plaintiff claims, under Title VII, that he was subjected to a hostile work environment and was terminated due to his race and national origin and in retaliation for his prior EEO activity. He also alleges that his constitutional rights were violated by defendants McCaffree and Craven when they terminated him without a hearing and accused him of patient abuse and conduct prejudicial to the government.[1]

Defendants McCaffree and Craven first claim that they are absolutely immune from suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 et seq., and the Federal Employees Liability Reform Act ("FELRTCA"), 28 U.S.C. § 2679, for acts committed during the scope of their employment. Plaintiff essentially concedes this point in his response but argues that his constitutional claims against the individual defendants are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), because he has no other adequate remedy to "resuscitate his medical and professional reputation."[2] Pl's Resp., p. 3. As plaintiff does not allege the individual defendants committed torts outside the scope of their employment, they are absolutely immune from any FTCA claims brought against them in their individual capacities. See, e.g., Woodruff v. Covington, 389 F.3d 1117, 1126 (10th Cir. 2004) (noting that an "FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her

---

[1] *Plaintiff identifies defendant McCaffree as his supervisor and defendant Craven as the "HR Director." Pl's Compl., p. 2.*

[2] *"[T]he FTCA and a Bivens claim are alternative remedies." Robbins v. Wilkie, 300 F.3d 1208, 1213 (10th Cir. 2002). One does not preclude the other. Id.*

employment" and observing that the "purpose of this exclusive remedy . . . was to give federal employees an absolute immunity from common law tort actions") (internal citations and quotations omitted). Accordingly, defendants' motion in this regard is **GRANTED**.

With respect to plaintiff's claims arising under Bivens, the court concludes such claims are barred in light of the statutory remedy provided under Title VII. In Bivens, the Supreme Court authorized suits against federal officials who violate a person's constitutional rights while acting under color of federal law. Bivens, 403 U.S. at 397. However, cases brought directly under the Constitution pursuant to Bivens will not lie if Congress has established a statutory alternative remedy for the vindication of constitutional rights, even if the particular alternative is not as effective as a Bivens remedy. Bivens, 403 U.S. at 396. See Schweiker v. Chilicky, 487 U.S. 412, 425-29 (1988); Bush v. Lucas, 462 U.S. 367, 388 (1983).

In Bush, cited supra, the Supreme Court "refused . . . to create a *Bivens* remedy for a First Amendment violation 'aris[ing] out of an employment relationship that is governed by comprehensive procedural and substantive provisions giving meaningful remedies against the United States.'" Schweiker, 487 U.S. at 422 (quoting Bush, 462 U.S. at 368). Bush involved a federal employee who had allegedly been demoted in violation of the First Amendment for making public statements critical of his employing agency. Bush, 462 U.S. at 369-70. The Court concluded that the comprehensive remedial scheme provided for in the Civil Service Reform Act ("CSRA") precluded the employee's Bivens claim against his employer. Bush, 462 U.S. at 386-90. After Bush, courts have essentially closed the door to

Bivens actions brought by federal employees. See, e.g., Lombardi v. Small Bus. Admin., 889 F.2d 959, 961 (10th Cir. 1989) (noting that recent Supreme Court cases "indicate that the Court will not create a Bivens remedy in a Federal employment action even if no remedy at all has been provided by the CSRA").

Plaintiff argues Bush is inapplicable to this matter because he is not covered under the CSRA and the statutory remedy provided under Title VII does not adequately vindicate his constitutional rights. The court rejects this argument in light of Bush and its progeny.

Plaintiff's allegations of constitutional violations all relate to his employment relationship and arise out of the alleged pretextual basis for his termination. In particular, plaintiff alleges that the statements made in the memorandum as the basis for his termination are untrue and are a mere pretext for discrimination and retaliation. These are the exact types of violations for which Congress provided a remedy in Title VII. See Belhomme v. Widnall, 127 F.3d 1214, 1216 (10th Cir. 1997) ("A federal employee who claims that he was the victim of illegal employment discrimination may bring a claim in district court under Title VII.") (citing 42 U.S.C. § 2000e-16(c)). As such, plaintiff's Bivens claims are preempted by the Title VII. See Belhomme, 127 F.3d at 1217 ("[T]itle VII preempts any constitutional cause of action that a court might find under the First or Fifth Amendments for discrimination in federal employment."). See, e.g., Schweiker, 487 U.S. at 428 ("In light of the comprehensive statutory schemes involved, the harm resulting from the alleged constitutional violation can in neither case be separated from the harm resulting from the denial of the statutory right."); Lombardi, 889 F.2d at 961 (finding plaintiff's position as a

5

federal employee central to his complaints, and noting "it is this employment relationship that the Supreme Court emphasized in <u>Bush</u> and its progeny, rather than the nature of the specific violation involved").[3]  Accordingly, the motion of defendants McCaffree and Craven to dismiss plaintiff's claims arising under <u>Bivens</u> is **GRANTED**.  The case is dismissed against these defendants with prejudice.

    **IT IS SO ORDERED**.

    Dated this 9th day of May, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*Title 38 of the United States Code also provides a comprehensive remedial scheme for physicians employed by the Veterans Health Administration.  <u>See, e.g.</u>, 38 U.S.C. §§ 7401, & 7461-7463.  <u>See also</u>, <u>Newmark v. Principi</u>, 262 F.Supp.2d 509, 515-17 (E.D. Pa. 2003) ("As a VA physician, [plaintiff] was not a civil service employee subject to the terms of the [Civil Service Reform Act], but a General Medical and Surgical ("GM & S") schedule employee subject to the internal disciplinary rules of the Veterans Health Administration ("VHA") which are specifically designed to offer less protection than the CSRA.").  The parties do not indicate whether plaintiff, as a part-time permanent physician, falls under this remedial scheme.  <u>See</u> 38 U.S.C. § 7461(c)(1) ("Section 7401(1) employees are employees of the Department employed on a full-time basis under a permanent appointment in a position listed in section 7401(1) of this title . . . .").*